THOMAS GARCIA, and FABIAN FONSECA v. THE STATE.

No. 9102.    Delivered June 10, 1925.

1.—Theft of Cattle—Indictment—Held Sufficient.

Where an indictment charging theft of cattle fails to allege that the animal was the "corporeal personal property" in our opinion the language used in such indictment is equivalent to that used in the statute, and is sufficient. Following Hendricks v. State, 56 S. W. 55.

2.—Same—Evidence Held Sufficient.

While there is a marked conflict in the evidence in this cause between that of appellants and the owner of the animals, the contention that the proof of ownership was inadequate cannot be sustained, and the cause is affirmed.

Appeal from the District Court of Kleberg County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for theft of cattle; penalty, two years in the penitentiary.

The opinion states the case.

*E. T. Yates,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for theft of cattle; punishment fixed at confinement in the penitentiary for a period of two years.

It it charged in the indictment that the appellants "did then and there unlawfully and fraudulently take one head of cattle belonging to Guadalupe Quintanilla."

Against the indictment it is urged that the omission of the term "corporeal personal property" renders the indictment fundamentally insufficient. In the statute defining theft it is said:

" 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession." (Art. 1329, P. C.)

In the same title and chapter it is said:

"The term 'property' . . . includes . . . every article commonly known as and called personal property, . . . provided such property possesses any ascertainable value." (Art. 1337, P. C.)

In Art. 1338, P. C., it is said:

"Within the meaning of 'personal property' which may be the subject of theft, are included all domesticated animals and birds, when they are proved to be of any specific value."

In Art. 1354, P. C., it is said:

"If any person shall steal any cattle or hog, he shall be punished by confinement in the state penitentiary not less than two nor more than four years."

In the case of Hendrick v. State, 56 S. W. Rep. 55, while meagrely reported, apparently the same point was made and decided against the appellant's contention. In that case the court said:

"An attack was made on the indictment in the motion for new trial because it does not allege that the animal was the 'corporeal' personal property. It is not necessary to so allege."

In our opinion, the language used in the indictment in the instant case is equivalent to that used in the statute.

Against the sufficiency of the evidence it is urged that the ownership was not sufficiently proved. The State's witness found where a steer had been kill and butchered. The hide, neck and feet were found nearby. Circumstances pointed to the presence of two per-

sons at the slaughter.  Tracks were followed to the home of Tomas Garcia, where he was found "cutting up the meat."  The hide of the dead animal was examined by Quintanilla, who said:

"The dead animal that we found was mine.  It had my brand on it."

Fabian Fonseca, one of the appellants, testified that he killed the animal, believing it to belong to Tomas Garcia; that his uncle, Tomas Garcia, had sent him for an animal and that he killed the steer in question believing it to belong to his uncle.  After killing the animal, he was told by Garcia that they would take it and settle with Quintanilla, the owner.  It was picked up and brought to the home of Garcia.  On the trial, Garcia testified:

"I have heard the testimony of Guadalupe Quintanilla with respect to the animal that was killed.  Fabian was the one that shot it.  I sent him to kill it.  I told him that I had two animals in Guadalupe Quintanilla's herd, and to kill one of them."

The State's theory, supported by circumstances, was that the animal had been slaughtered by both at the place where the hide was found.  The contention that the proof of ownership was inadequate, we think, cannot be sustained.

There was no complaint of the rulings of the court preserved by bills of exception.

The judgment is affirmed.

*Affirmed.*